# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MEWBOURNE OIL COMPANY,** ) | |
| ) | |
|     **Plaintiff/Counterclaim Defendant,** ) | |
| ) | |
| v. ) | Case No. CIV-24-143-G |
| ) | |
| **YUKON TRADING COMPANY, L.LC.,** ) | |
| ) | |
|     **Defendant/Counterclaimant.** ) | |

## **ORDER**

Now before the Court are Plaintiff/Counterclaim Defendant Mewbourne Oil Company's ("Mewbourne") Motion to Strike (Doc. No. 77) and the Response (Doc. No. 81) of Defendant/Counterclaimant Yukon Trading Company, L.L.C. ("Yukon").

In section I(D) of a Reply (Doc. No. 73) filed by Yukon in support of a prior discovery motion, Yukon included the following argument: "If the 'Challenging the Designation' provision of the Confidentiality Order applies to 'Attorneys' Eyes Only' designations[,] Mewbourne failed to timely move the Court for an order" pursuant to that provision. *Id.* at 6-7. The Reply further argued that, because Mewbourne failed to follow the procedure set forth in the Confidentiality Order, "Mewbourne's documents that remain 'Attorneys' Eyes Only' should have that designation terminated." *Id.* at 7.

Mewbourne now seeks to strike Yukon's reply argument, or alternatively to file a supplemental brief addressing it, on the basis that section I(D) of the Reply improperly attempts to raise a new issue and request a new form of relief. *See* Pl.'s Mot. to Strike at 1-8. The Court disagrees. First, "motions, briefs, and memoranda" generally "may not

be attacked by a motion to strike." *Bunn v. Perdue*, 966.3d 1094, 1099 (10th Cir. 2020) (internal quotation marks omitted).

Second, the Court finds no compelling reason that the cited argument must be stricken from the record and no sufficient basis to permit a surreply. In the underlying response to which Yukon was replying, Mewbourne repeatedly argued that Yukon had "attempt[ed] to skirt" the Confidentiality Order's process for resolving disagreements as to document designation. Pl.'s Resp. (Doc. No. 72) at 2. Yukon's assertion that it was instead Mewbourne who failed to comply is a proper "reply to new matter raised." LCvR 7.1(h). Moreover, Yukon had similarly argued in the original motion that Mewbourne's "Attorneys' Eyes' Only" documents should be de-designated. *See, e.g.*, Def.'s Mot. (Doc. No. 61) at 1.

Accordingly, the Motion to Strike (Doc. No. 77) is DENIED.

IT IS SO ORDERED this 1st day of July, 2025.

_____
CHARLES B. GOODWIN
United States District Judge