IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MEWBOURNE OIL COMPANY,**<br><br>    Plaintiff,<br><br>v.<br><br>**YUKON TRADING COMPANY, L.L.C.,**<br><br>    Defendant. | Case No. 5:24-CV-00143-G |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S TRIAL BRIEF

Defendant Yukon Trading Company, L.L.C. ("Yukon") submits this Response to the Trial Brief submitted by Plaintiff Mewbourne Oil Company ("Mewbourne") [Doc. No. 92] to address incorrect statements made by Mewbourne.

**I.   Yukon's reliance on the anti-forfeiture provisions under Oklahoma statutory and common law is not an attempt to "transform this case" as argued by Mewbourne.**

The underlying theme of Mewbourne's Trial Brief is that Yukon's position in this case is that it is being treated unjustly. Yukon's position is that Mewbourne's claim should be denied under the anti-forfeiture provisions of Oklahoma law and policy. However, those are not the only provisions of Oklahoma law that warrant denial of Mewbourne's claim in this case.

Yukon has presented evidence, arguments, and authorities addressing the facts that Yukon did not receive Mewbourne's January 8, 2024, spud notice; a return receipt is required to be signed for each separate piece of mail delivered under both parties' expert witnesses' testimony and under the United States Postal Service's Guidebook; Mewbourne

breached the Section 1 Letter Agreement by failing to send an invoice with its spud notice; Mewbourne's acts and conduct demonstrate that Mewbourne recognized and considered Yukon as a participant in the Abernathy 2H Well prior to its purported election deadline of January 20, 2024; and Yukon unequivocally informed Mewbourne of its participation by January 30, 2024, which was before Mewbourne spud the Abernathy 2H well on February 6. *See* Yukon's Motion for Summary Judgment ("Yukon's Mot. Summ. J.") [Doc. No. 55]; Yukon's Response to Mewbourne's Motion for Summary Judgment ("Yukon's Resp. to Mewbourne's Mot. Summ. J.") [Doc. No. 59]; and Yukon's Reply in Support of its Motion for Summary Judgment ("Yukon's Reply in Supp. of Mot. Summ. J.") [Doc. No. 67]. Yukon also adopts and incorporates by reference its Proposed Findings of Fact and Conclusions of Law filed on July 14, 2025. [Doc. No. 90].

**II.   Whether Yukon received Mewbourne's January 8, 2024, notice that it was spudding the Abernathy 2H Well is a disputed issue of fact.**

Mewbourne states as an established fact that Yukon signed an electronic receipt for Mewbourne's spud notice dated January 8, 2024. This is a contested issue, as fully discussed in Yukon's Resp. to Mewbourne's Mot. Summ. J. [Doc. No. 59]. *See also* Yukon's Reply in Supp. of Mot. Summ. J.[Doc. No. 67]. The evidence presented by Yukon demonstrates that Mewbourne's evidence does not establish that Yukon received the spud notice on January 10, 2024, as claimed by Mewbourne, because Mewbourne did not obtain a signature demonstrating receipt of each piece of mail purportedly delivered to Yukon on January 10.

2

**III.  Mewbourne ignores the testimony of both parties' expert witnesses that certified mail in the oil and gas industry means use of a green card and also that each piece of mail is separately signed for.**

As discussed in Yukon's Mot. Summ. J., Mewbourne's expert witness, Dorsey Roach, testified that certified mail means that an envelope is sent with a post-card sized green card taped to the envelope, and the green card is returned to the sender. Yukon's Mot. Summ. J., at 22 and Yukon's Undisputed Fact No. 34 [Doc. No. 55]. Likewise, Yukon's expert witness, Curt Horne, testified that if something is sent by certified mail and return receipt requested, a green card is always signed. *Id*. Moreover, the evidence at trial will establish that Yukon only uses green cards when sending certified mail.

Both parties' experts testified that with certified mail, a separate green card is signed for each envelope, evidencing that the envelope was received. [Doc. No. 55, Yukon's Undisputed Fact No. 34]. The fact that a separate green card is required is also shown by the USPS Guidebook relied upon by Mewbourne in its Resp. to Yukon's Mot. Summ. J., as discussed in Yukon's Reply in Supp. of Mot. Summ. J. [Doc. No. 67] at 10.

It is undisputed that no green card was signed evidencing receipt of the January 8 spud notice, and that only one electronic signature was obtained for certified mail purportedly delivered to Yukon on January 10, 2024. [Doc. No. 55, Yukon's Undisputed Fact Nos. 32 and 33.]

**IV.  Mewbourne's contentions that Yukon received a more favorable deal than most owners and that the "consequences" it seeks to impose on Yukon have been imposed on other interest owners is not supported by the evidence.**

Mewbourne asserts that Yukon negotiated and received better treatment than most of the other owners in Section 1 and 12. No evidence has been presented demonstrating

3

that Yukon is receiving better treatment than other owners, let alone most other owners. Mewbourne itself has listed on its Final Exhibit List letter agreements with other working interest owners (Pl.'s Exs 112 through 115) and it also has cited in its Trial Brief offers to share acreage acquired under the Pooling Order covering Section 12 with nine (9) other working interest owners (Pl.'s Exs 103 through 111). *See* Mewbourne's Trial Brief, p. 6, n. 19 [Doc. No. 92].

Mewbourne also states that Yukon is facing the same consequences that are being faced by other owners. In support of this statement, Mewbourne cites only its emails offering acreage acquired under the Section 12 Pooling Order to nine other working interest owners, as well as its email offering such acreage to Yukon. Mewbourne cites Pl.'s Ex. 41 and Pl.'s Exs 103 through 111. Mewbourne's email to Yukon gave it five days from January 18 to elect to acquire such pooled acreage and to pay its share of the costs of such acreage—both of which Yukon did within the five days. *See* Pl.'s Ex. 41. Mewbourne's emails to the other nine owners gave them 15 days from January 18 to elect to acquire such pooled acreage and to pay the costs of such acreage (arguably more favorable under Mewbourne's interpretation of the facts). *See* Pl.' Exs. 103 through 111. Thus, the other owners had until February 2, 2024, to make the election as to acquiring pooled acreage—which is after Yukon unequivocally elected to participate in the drilling of the Abernathy 2H Well. Moreover, Mewbourne has not presented any other evidence regarding such other owners.

## V.   Conclusion

For the reasons set forth in Yukon's Proposed Findings of Fact and Conclusions of Law [Doc. No. 90] and in Yukon's prior summary judgment briefs [Doc. Nos. 55, 59, and

67], as well as the evidence submitted at trial, Yukon requests that the Court enter judgment in Yukon's favor on Mewbourne's declaratory judgment claim and on Yukon's counterclaim for declaratory relief.

    Respectfully submitted,

/s/ *JulieAnn M. LeMay*
Leah T. Rudnicki, OBA #32688
JulieAnn M. LeMay, OBA #34013
Sharon T. Thomas, OBA #8881
Caroline J. Lewis, OBA #32048
**THE RUDNICKI FIRM**
6303 Waterford Blvd., Suite 220
Oklahoma City, OK 73118
Telephone: (405) 445-7422
Facsimile: (405) 445-7421
Email: leah@rudnickifirm.com
Email: julieann@rudnickifirm.com
Email: sharon@rudnickifirm.com
Email: caroline@rudnickifirm.com
Email: casemanager@rudnickifirm.com

**ATTORNEYS FOR DEFENDANT, YUKON TRADING COMPANY, L.L.C.**

**CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that on this 21st day of July, 2025, a true and correct copy of the above and foregoing document was served on the following counsel of record via the CM/ECF system:

| | |
|---|---|
| Christopher M. Hogan<br>Samantha L. Thompson<br>Cody Rutowski<br>Hogan Thompson Schuelke LLP<br>1001 Fannin Street, Suite 4775<br>Houston, Texas 77002<br>chogan@hoganthompson.com<br>sthompson@hoganthompson.com<br>crutowski@hoganthompson.com<br><br>***Attorneys for Plaintiff***<br>***Mewbourne Oil Company*** | Stephen D. Beam<br>Stephen D. Beam, P.C.<br>PO Box 31<br>Weatherford, OK 73096<br>Sbeam@ionet.net<br><br>***Attorneys for Plaintiff***<br>***Mewbourne Oil Company*** |

                                              /s/ *JulieAnn M. LeMay*
                                              JulieAnn M. LeMay